Opinion of the court delivered by
Judge Whyte.
This was an action brought by the last endorsee, against the *167 first endorser, Bennett, on a promissory note for $>2000 payable at the branch of the Nashville bank at Murfrees-borough. The suit was brought to the county court of Rutherford county, where verdict and judgment were rendered for the defendant, Bennett; upon appeal to the circuit court the like verdict and judgment'were rendered, and an appeal in the nature of a writ of error taken to this court. On the trial in the circuit court,’a bill of exceptions was- taken, which shews that the note was duly presented at the branch of the Nashville Bank at Mur-freesborough for payment, that payment was refused, no provision having been made for its payment by the maker. That the same day it was protested for non payment, and the defendant, Bennett, notified thereof, by a writter tice stating the demand and refusal and protest aj/íhe.re* quest of Samuel P. Black, Cashier of said bank,’’and that the holder of the note looked to him for paymenj:., written notice, addressed to Bennett at Jeffersoni^hk, onk‘ the day the note was protested, put into the at Murfreesborough. It further appeared that stennett at that time lived in the neighborhood of JeffersoÉñSfc^í?* Rutherford county, about 11 miles from Murfreesborough, and about 2& or 3 miles from Jefferson, and that a post office was then kept at Jefferson, and was the post office nearest the defendant’s residence. It was proved by Nelson, a witness who lived five or six miles from Jefferson, and 9 or 10 miles from Murfreesborough, thathe mostly got his letters from the post office at Murfreesborough and sent letters from that post office. That he hardly ever applied for letters at Jefferson, unless he happened to hear there was a letter there for him; he has in that way received several letters from Jefferson. Thathe did not know whether Bennett generally received his letters at Jefferson or at Murfreesborough. These are all the ma- . terial facts.
Nashville,
January, 1829.
The court charged the jury that if the defendant lived in the county where the note was payable, that he ought to be personally served with a notice, or a written notice left at his residence, on the day or the day after the note *168 was protested: and a written notice put into the post office at Murfreesboro’, addressed to him at Jefferson, was not a sufficient notice, unless he actually received that notice the same day or the day after the protest was entered up; and the jury, unless they believed the defendant received that notice, ought to find for the defendant, unless he had waived the benefit of the notice. To which the plaintiff excepted &c.
Ño reported case has been seen, that, in all its circumstances, is precisely the same as the present. But the principles laid down in the case of Barker vs. Hall, in this court January term 1827, it is considered, fully comprehend it. The reason of the law, requiring notice to be given to an endorser of the non payment of a note, is, that he may take the necessary steps to procure indemnity from the original debtor, or those upon whom the law has given him recourse over. It follows by legal in-tendment, that this notice should be given in good faith, so as to answer the purpose the law intends by it, that is, it ought to be the best means that is reasonably in the power of the party whose duty it is to give it, under the circumstances of the case; and nota means to be used that may in fact turn out nominal only, and that probably so too, when a substantial and quite efficient mode is reasonably within his power. This is the principle of the decision in the case of Barker vs. Hall, to wit, the putting a written notice into the post office at Nashville, when the person to be notified lived 7i miles from it, leaving, by this mode, the actual reception of it to accident, when by a special messenger, and with convenience to the giver of the notice, personal service, or its substitute— a deposit at the dwelling house of the party — could have been made. That was held not to be a sufficient notice. The present case, though differing in some circumstances, differs not in principle. Bennett lived eleven miles from Murfreesboro’ when the notice was deposited for transmission; Jefferson, the post office to which it was addressed, was about eleven miles from Murfreesborough, and about two and a half or three miles from Bennett’s rest- *169 deuce. There is no evidenee that Bennett was in the •.habit of doing his business at Jefferson, and when it is taken into view, that Murfreesboro’is the county town, the place for holding the courts and the transaction -of public business, and that merchandizing to some extent is carried on there, all of which taken together operate, in making it the general resort in point of convenience to the citizen for the transaction of much private business; and produce the belief; that a simple deposit of the notice in the post office at Murfreesboro’ would have had a better prospect of success in giving actual notice to Bennett, than with an address to him requiring its transmission to Jeflerson. It seems therefore, that that fáithful discharge of giving notice contemplated by the law, has not been attended to in this, to wit, that the means or mode adop- ■ ted of giving the notice, was not the best reasonably within the power of the party giving it;' but a mode, circuitous, doubtful in effect, and overlooking without necessity the best kind of service, to wit, personal service.
Let the judgment of the circuit court be affirmed.